*273 The judgment of the court was pronounced by
Eustis, C. J.
This is an action on a promissory note drawn by the defendants in favor of King and Fisher, (who are the real plaintiffs in interest,) in the State of Missouri, and payable at the bank of said State in St. Louis. All the parties were at the date of the note citizens of that State. The defendants afterwards removed to this State, and established themselves in business in New Orleans. Previous to the institution of this suit they applied to the Court of the Third District of New Orleans for the benefit of the laws relative to the voluntary surrender of property. The cession of their properly was accepted by the judge, and the sheriff was appointed syndic of their estate. These facts and the order of the district judge staying all proceedings against the person and property of the insolvents, were pleaded by the defendants in bar of the plaintiffs’ action.
The judge of the Fourth District Court of New Orleans, in which that suit was instituted, sustained virtually the exception of the defendants, and transferred the proceedings to the Third District Court, decreeing that the plaintiffs be precluded from proceeding in the court in which it was then pending. From this judgment the plaintiffs have appealed.
The regularity of the insolvent proceedings has not been impugned; and it appears that King and Fisher, to whom the note belongs, were placed on the schedule of the insolvents as creditors for the amount thereof. The question on which this case has been presented in the argument of counsel is, whether King and Fisher are bound by the insolvent’s proceedings had in New Orleans, they as Well as the defendants having been citizens of Missouri at the time of the making of the note, and the note having been executed and made payable in the said State. The case has been argued by the counsel on both sides as resting on authority, and the argument has been confined to the authorities cited.
We think the rule to be settled, that the State insolvent laws do not extend to a contract made in another State, and to be there executed between citizens of other States; and that a discharge under these laws does not extinguish the remedy against the future property of the debtor who has taken the benefit of them. The point has been repeatedly decided in express terms. Witty, Follet, 4 Wendell, 458; and cases cited by counsel. 2 Wendell, 458, same case.
It is true, as contended for by the counsel for the defendants, that the late Supreme Court held, that the inhibition contained in the Constitution of the United States against the passage of laws by the States impairing the obligation of contracts, did not apply to the Spanish law's originally in force in Louisiana, or to the laws of the Territorial Government relating to insolvent debtors, but to laws enacted by States of the Union exclusively. But the Spanish laws have been repealed, and the laws of the State relating to the proceedings in case of voluntary surrender of property by debtors, not in actual custody, of which the defendants have sought the benefit, date no further back than the year 1817, subsequent to the admission of Louisiana into the Union. The Code of 1808 is also repealed by a statute of 1828, except as to some articles which have no reference to the present subject. Laws of 1828, No. 40.
The defendants obtained no discharge from their creditors, but have pleaded their application for the benefit of the insolvent laws, the acceptance of the cession of property, and the stay of proceedings ordered by the district judge on accepting the cession; which raises the question before stated, whether the plaintiffs are bound by the insolvent proceedings of the defendants.
*274 It seems to follow necessarily, from the rule above stated, as the plaintiffs did not attempt to reach the property vested in the creditors by the cession made by the insolvents, but merely asked for judgment on their debt, the proceedings iu insolvency are no legal impediment to the plaintiff’s action.
The judgment of the district court is therefore reversed, and the case remanded for a new trial, with directions to the judge to proceed therein according to law; the appellees paying the costs of this appeal.